IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIA M. GRAVES | : CIVIL ACTION |
| | : |
| v. | : NO. 23-3853 |
| | : |
| MARK COHEN, MICHAEL PANDOLFI, KATIE GALLEN, WILLIAM KETTERLINUS, EUGENE WATSON, MICHELLE WATSON, DARLENA GRAVES | : : : : : |

## MEMORANDUM

**KEARNEY, J.**                                                                October 16, 2023

A Philadelphia mom disappointed with state court child support orders now sues the state court hearing the disputes, a state court judge presiding over a hearing, court officers, and her child's dad and family members for violating her constitutional rights. She also asks we charge the child's dad and his family members with kidnapping or insurance fraud crimes. She sues without the benefit of a lawyer and without paying filing fees. We granted her leave to continue without paying filing fees given her indigent status. Congress requires we now screen her allegations. She does not plead facts allowing us to plausibly infer a judge, a court, or its officers violated her Fifth, Sixth, and Fourteenth Amendment rights. The state court is immune and the judge is immune acting in his judicial capacity. The mom does not plead claims against the court officers under the civil rights laws. We cannot "charge" anyone with kidnapping or insurance fraud crimes; our Framers placed those charging obligations upon the executive branch not judges. We dismiss her claims against the court with prejudice. We dismiss her theories against the judge, officers, and others without prejudice to timely filing an amended complaint allowing us to infer civil rights claims and then consider her state law claims within our judicial (not prosecutorial) obligations.

## I. Alleged pro se facts

Philadelphian Mia M. Graves is disputing child support obligations with her child's father in Philadelphia County state court.[1] She apparently attended hearings on unknown dates which led to her claims against the Philadelphia family court, the presiding judge, and courtroom officers.[2] She also claims the child's father and others kidnapped a child or committed insurance fraud.[3]

### *Challenges to the Court, presiding Judge, and courtroom officers.*

Ms. Graves reported Court Officer Michael Pandolfi to an unidentified court for sexual harassment and misconduct on her child support case on unplead dates.[4] Ms. Graves asked the court to remove Officer Pandolfi from her cases.[5] The court denied her request allowing Officer Pandolfi to continue working on Ms. Graves's child support case.[6] Officer Pandolfi allegedly retaliated against Ms. Graves by "fraudulently putting in numbers including decreases" altering child support payments in favor of the child's father Eugene Watson.[7] Ms. Graves reported Officer Pandolfi's actions to unidentified persons who found Mr. Watson did not report his total income as a general contractor and awarded Ms. Graves a "recalculation" in child support "back to the [original] date filed."[8]

Officer Pandolfi then manipulated the numbers in the child support order resulting in a reduced order causing Ms. Graves to overpay child support.[9] Ms. Graves did not receive a dime of support for two years from Mr. Watson.[10] Mr. Watson eventually paid Ms. Graves less than one-hundred dollars a month for child support which did not include "daycare/child care expenses or anything else."[11] Custody Officer William Ketterlinus "did the same thing" and did not let Ms. Graves speak, provide testimony, or provide documents while in front of Judge Mark Cohen.[12] We not know when this conduct happened. She does not plead what Judge Cohen did wrong other than preside in her case. She does not plead whether Judge Cohen made the child support decision

or child custody decision which she does not like. Ms. Graves also does not plead she appealed the child custody decision.[13]

### *Kidnapping claim.*

The child's father Eugene Watson kidnapped a child without notice due to "false abuse claims" against Ms. Graves.[14] An unidentified person misapplied Pennsylvania child support laws in Mr. Watson's favor.[15] Ms. Graves won some form of an appeal in an unidentified court.[16] Mr. Watson "did the same thing again" and disobeyed "superior orders" putting the "child in danger."[17] Unidentified persons helped Mr. Watson "behind the scenes."[18] Ms. Graves does not tell us what she did to address her alleged concerns in state court.

**II.  Analysis**

Ms. Graves claims the Family Court, Judge Cohen, and officers violated her Fifth, Sixth, and Fourteenth Amendment rights.[19] She asks we charge Mr. Watson with kidnapping, Michelle Watson with insurance fraud and conspiracy to kidnapping, and Darlene Graves with premeditated kidnapping.[20] Ms. Graves does not plead facts about Darlena Graves's premeditated kidnapping or Michelle Watson's conspiracy to kidnapping claims. Ms. Graves also does not plead how Ms. Watson committed insurance fraud.[21]

We granted Ms. Graves leave to proceed without paying filing fees.[22] Congress requires we now screen her pro se complaint before issuing summons.[23] We today screen Ms. Graves's claims.

We must dismiss her Complaint before issuing summons if we find Ms. Graves's claims are frivolous or malicious, do not allow for relief which may be granted, or if she seeks monetary relief against persons immune from such relief.[24] Ms. Graves seeks compensatory, nominal and punitive damages totaling $22,000,000 covering "legal fees, fees incurred, hospital bills, [and] any

3

other compensation/relief."[25] She asks we "fire all involved, take away benefits and pension."[26] Congress allows individuals to seek relief for constitutional claims in federal court.[27]

We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings.'"[28] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[29] But "'pro se litigants still must allege sufficient facts in their complaints to support a claim'" and "'cannot flout procedural rules – they must abide by the same rules that apply to all other litigants.'"[30]

Ms. Graves "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[31] We apply the same standard under Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint under section 1915(e)(2)(B)(ii).[32] Ms. Graves can meet the Rule 12(b)(6) standard if she pleads "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[33] We accept all facts in Ms. Graves's Complaint as true and construe the facts in light most favorable to her to determine whether she states a claim to relief plausible on its face.

Ms. Graves asks us to charge the eight parties without pleading sufficient facts to establish a claim to relief.[34] We dismiss her claims against Officer Pandolfi, Officer Gallen, Officer Ketterlinus, Ms. Watson, and Ms. Darlena Graves for lack of pleaded facts to support a claim to relief with leave to amend her claims in good faith. We dismiss her claims against the Court of Common Pleas and Judge Cohen as they are immune from Ms. Graves's damages claims. We also dismiss Ms. Graves's kidnapping and insurance fraud claims.

### A. We dismiss Ms. Graves's claim against the Court with prejudice.

Ms. Graves sues the Philadelphia Court of Common Pleas for federal claims not tied to specific facts. We dismiss the claims against the Court with prejudice.

4

The Philadelphia Court of Common Pleas is immune from Ms. Graves's claims under the Eleventh Amendment. The Philadelphia Court of Common Pleas is an arm of the Pennsylvania Commonwealth entitled to Eleventh Amendment immunity from suit.[35] State entities are immune from suit under the Eleventh Amendment unless the State waives its sovereign immunity.[36]

The Philadelphia Court of Common Pleas is a state entity entitled to Eleventh Amendment immunity. Pennsylvania has not waived its Eleventh Amendment immunity and the Eleventh Amendment exception does not apply.[37] We dismiss Ms. Graves's claim against the Philadelphia Court of Common Pleas Family Court Division with prejudice.

### B. We dismiss Ms. Graves's claim against Judge Cohen.

Ms. Graves sues Judge Cohen for unspecified federal claims. We dismiss Ms. Graves's claims against Judge Cohen as he is immune from suit.

Judges are immune from damages for actions taken in their judicial capacities.[38] Judges are exempt from judicial immunity if they act outside of their judicial capacity or jurisdiction.[39] To the extent Ms. Graves alleges *any* facts about Judge Cohen's actions, she does not allege he acted outside of his judicial capacity. Ms. Graves mentions Judge Cohen only once in her statement of the claim, when she states she "went before Judge Cohen" and Officer Ketterlinus did not allow her to "speak, give testimony or hand in documents."[40] We find Judge Cohen did not act outside of his judicial capacity or jurisdiction. Judge Cohen is immune from Ms. Graves's claim under judicial immunity. We dismiss Ms. Graves's claims against Judge Cohen.

### C. We dismiss Ms. Graves's claims against the court officers.

Ms. Graves claims court employees Officer Pandolfi, Officer Gallen, and Officer Ketterlinus violated her rights under the Fifth, Sixth and Fourteenth Amendments. We dismiss her

5

claims without prejudice for failure to plead sufficient facts allowing us to infer a plausible claim to relief.

Complaints must plead facts to state a claim "plausible on its face" to survive our screening.[41] A sufficient complaint includes "a short and plain statement of the claim showing that the pleader is entitled to relief."[42] Simply stating legal conclusions without facts is not enough to establish a plausible claim.[43] Pro se complaints are interpreted liberally but they "still must allege sufficient facts in their complaints to support a claim."[44]

Ms. Graves's claims against the court officers lack the facts necessary to survive our screening. Ms. Graves fails to plead sufficient facts against Officer Gallen, Officer Ketterlinus, and Officer Pandolfi. Officer Gallen's name does not appear in Ms. Graves's complaint outside of the list of defendants.[45] Ms. Graves does not plead facts for alleged sexual assault and retaliation against Officer Pandolfi.[46] She also does not plead what Officer Ketterlinus did other than control the courtroom before Judge Cohen. Ms. Graves broadly seeks "federal charges for all involved" without identifying any basis for the federal charges.[47]

The Fifth, Sixth and Fourteenth Amendments contain several individual clauses providing a wide variety of protections and rights.[48] Ms. Graves fails to plead specific violated rights. She claims a "denial of all civil rights" but pleads no facts.[49] Ms. Graves's vague legal conclusions do not survive our screening.  She also does not plead how we could insert ourselves into a possibly ongoing child support dispute in the state courts.[50]

We dismiss Ms. Graves's claims against Officer Gallen, Officer Ketterlinus, and Officer Pandolfi for failure to plead facts without prejudice.

### D. We dismiss Ms. Graves's claims against Mr. Watson, Ms. Watson, and Darlena Graves.

Ms. Graves claims Mr. Watson, Ms. Watson, and Ms. Darlena Graves violated her Fifth, Sixth, and Fourteenth Amendment rights. Ms. Graves asks we "charge" Mr. Watson with kidnapping, Darlena Graves with premeditated kidnapping, and Ms. Watson with insurance fraud and conspiracy to kidnapping.[51] We dismiss these claims.

Ms. Graves does not plead these persons are state actors liable under the civil rights laws.[52] She asks us to charge citizens with crimes which we cannot do as judges; she must complain to the police authorities under the executive branch.[53] We decline to exercise supplemental jurisdiction over Ms. Graves's state law claims.

Ms. Graves invokes our limited federal question jurisdiction but fails to plead sufficient facts to establish a plausible federal question claim. Congress grants us discretion to exercise supplemental jurisdiction.[54] We "may decline to exercise supplemental jurisdiction over a claim" if "(1) the claim raises a novel or complex issues of state law, (2) the claim substantially predominates over the claim or claims where the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptionally circumstances, there are compelling reasons for declining jurisdiction."[55]

We decline to exercise supplemental jurisdiction over Ms. Graves's state law claims because we dismiss all claims over which we have original jurisdiction. Ms. Graves fails to plead sufficient facts to state a plausible federal law claim against non-state actors. We dismiss Ms. Graves's state law claims without prejudice

### III. Conclusion

We dismiss Ms. Graves's claims with prejudice as to the Court of Common Pleas and without prejudice to her claims against the remaining parties with leave to timely file an amended

7

Complaint if she can plead facts in good faith against the remaining parties within our limited federal jurisdiction.

---

[1] ECF No. 2, § III. Statement of Claim ¶ C. at 3.

[2] *Id.* at 3-4.

[3] *Id.*

[4] *Id.* at 3.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] Even though she does not plead what she specifically appealed, the public record confirms Ms. Graves twice appealed custody orders. *See Graves v. Graves*, 265 A.3d 688 (Pa. Super. 2021) (remanded trial court order granting father sole custody as he did not formally seek custody by petition); *see also Graves v. Graves,* 285 A.3d 964 (Pa. Super. 2022) (affirmed trial court order granting father custody by weighing custody factors and finding in favor of father after he properly filed for custody).

[14] ECF No. 2, § III. Statement of Claim ¶ C at 4.

[15] *Id.*

[16] *Id.*

[17] *Id.*

8

---

[18] *Id.*

[19] *Id.* at § II. Basis for Jurisdiction ¶ B. at 2.

[20] *Id.* at § V. Relief at 4.

[21] *Id.*

[22] ECF No. 4.

[23] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[24] *Id.*

[25] ECF No. 2, § V. Relief at 4.

[26] *Id.*

[27] 42 U.S.C. §1983.

[28] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011)).

[29] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

[30] *Id.* (quoting *Mala*, 704 F.3d at 245).

[31] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[32] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019).

[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[34] ECF No. 2, § V. Relief at 4.

[35] *See Callahan v. City of Philadelphia*, 207 F.3d 668, 673 (3d. Cir. 2000).

[36] *Benn v. First Jud. Dist. Of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding state courts compromising Pennsylvania's Unified Judicial System share in the Commonwealth's Eleventh Amendment immunity and dismissing claim after finding no indication Pennsylvania waived its Eleventh Amendment immunity).

[37] 42 Pa. C.S. § 8521.

[38] *Azubuko v. Royal*, 443 F.3d 302, 303-4 (3d Cir. 2006) (recognizing Congress expanded section 1983 to provide immunity to judges against injunctive relief claims).

[39] *See Figueroa v. Blackburn*, 208 F.3d 435, 443 (3d Cir. 2000) (explaining a "judicial act" is one "normally performed by a judge").

[40] ECF No. 2, § III. Statement of Claim ¶ C at 3-4.

[41] *Twombly*, 550 U.S. at 570.

[42] Fed. R. Civ. P. 8(a)(2).

[43] *See Iqbal*, 556 U.S. at 678.

[44] *Mala,* 704 F. 3d at 245.

[45] ECF No. 2, § I. Parties in this Complaint ¶ B. at 2.

[46] The Fourteenth Amendment claim may be liberally interpreted to include sexual assault or due process claims but the lack of pleaded facts offers no basis to proceed.

[47] ECF No. 2, § V. Relief at 4.

[48] U.S. Const. Amends. V, VI, XIV.

[49] ECF No. 2, § IV. Injuries at 4.

[50] We may need to address whether we must abstain from proceeding even if we could proceed against the Officers in a potentially ongoing child support proceeding especially when Ms. Graves does not plead the status, including an appeal, of these challenged support rulings. Child support is an ongoing state court proceeding implicating state interests where the state court serves as a proper forum for relief. *See Mikhail v. Khan*, 991 F. Supp. 2d 596, 626-27 (E.D. Pa. 2014); *see also Moore v. Sims*, 442 U.S. 415, 434-35 (1979) ("We are unwilling to conclude that state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation."). We would be required to abstain under *Younger* if Ms. Graves can plead facts allowing her to possibly proceed against the officers. *See Younger v. Harris*, 401 U.S. 37 (1971). We may also need to consider the effect of final state court orders if the child support orders are no longer on appeal.

[51] ECF No. 2, § V. Relief at 4.

[52] *See Atkins*, 487 U.S. at 48; *see also Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009); *Glunk v. Noone,* 186 F. Supp. 3d 453, 457 (E.D. Pa. 2016) (dismissed complaint as private individuals cannot be liable under section 1983).

[53] *See Mikhail*, 991 F. Supp. 2d at 638-639, *aff'd*, 572 F. App'x 68 (3d Cir. 2014) ("[T]hese principles of exclusive federal prosecution by the federal executive branch in federal court 'preclude complaints by private citizens.'") (quoting *U. S. ex rel. Savage v. Arnold*, 403 F. Supp. 172, 174 (E.D. Pa. 1975)).

---

[54] 28 U.S.C. § 1367(a); *see Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)); *Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016) (district court did not abuse discretion when declining sua sponte to exercise supplemental jurisdiction).

[55] 28 U.S.C. § 1367(c) (1)-(4).