IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIA M. GRAVES | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 23-3853 |
| | : | |
| MARK COHEN, MICHAEL PANDOLFI, KATIE GALLEN, WILLIAM KETTERLINUS, EUGENE WATSON, MICHELLE WATSON, DARLENA GRAVES | : : : : : | |

## MEMORANDUM

KEARNEY, J.                                                                           November 27, 2023

We granted a Philadelphia mother leave to amend her pro se dismissed complaint six weeks ago to see if she could plead civil rights or another federal claim against non-immune state actors or her mother, the father of her child, or his wife. She timely returns with conclusory allegations challenging a state court judge's child custody and support orders and claiming three court officers violated her rights during the child custody/support proceedings in their official capacities. She also sues her own mother and the father of her child and his wife for violating her civil rights and a variety of state law claims including insurance and tax fraud and kidnapping related to their interaction with her child. She asks we enjoin the ongoing state court proceedings and award her damages. We dismiss this second attempt at pleading claims with prejudice. We are not an appellate court for Philadelphia custody and support orders. She cannot sue immune judges and court officers in their official capacity under the civil rights law. She cannot sue family members who are not state actors for violating her civil rights. She also offers no basis for us to exercise supplemental jurisdiction absent a federal question let alone "charge" her mother and other citizens with crimes. We dismiss her case with prejudice in this Court mindful she may pursue her remedies in state court if warranted by the facts.

I.  **Alleged amended pro se facts.**

Philadelphian Mia M. Graves disputes a state court judge's Orders setting child custody and child support obligations with the father of one of her children in Philadelphia County state court.[1] We dismissed her complaint six weeks ago consistent with our screening obligations but granted her leave to amend. Ms. Graves amended her complaint now asserting court officials and her family deprived her due process and speedy trial rights under the Fourteenth Amendment over a two-year period from January 1, 2020 through November 1, 2023. She sues the state court although we dismissed the court with prejudice six weeks ago. She also sues a Philadelphia County Court of Common Pleas Judge, three court officers, her mother Darlena Graves, the father of her child Eugene Watson and his wife Michelle Watson.[2][3]

*Challenges to the Court, presiding Judge, and courtroom officers.*

Ms. Graves pleads Judge Cohen denied her of due process during child custody and support proceedings of her child A.G.[4] She pleads "evidence" suggests Judge Cohen may have assisted or facilitated actions resulting in the "illegal or wrongful" conduct here.[5] Judge Cohen took steps to "conceal or withhold critical material facts" relevant to the case proceedings and he "intentionally misapplied the law" in a manner inconsistent with "established legal principles."[6] Judge Cohen's actions "raises concerns about ethical violations within the judiciary, including potential breaches of judicial codes of conduct and legal ethics."[7] Ms. Graves wishes to explore legal recourse "if there is evidence to support" her allegations against Judge Cohen.[8] Ms. Graves does not state what evidence currently exists against Judge Cohen.

Ms. Graves appealed Judge Cohen's child custody decision to the Superior Court of Pennsylvania.[9] The court remanded his decision granting A.G.'s father Mr. Watson custody because the trial court failed to "consider all of the factors" required for child custody.[10] On January 4, 2022, Judge Cohen granted Mr. Watson custody on remand after reviewing custody

2

factors in favor of the father and after an interview with A.G.[11] In a challenge to Judge Cohen's January 4, 2022 Order, Ms. Graves argued Judge Cohen should not have assessed Mr. Watson under the custody factors because Mr. Watson is "not suitable" to assume custody of A.G., Mr. Watson "evaded" child support, committed fraud, and provided conflicting testimony in earlier child custody hearings, Judge Cohen is biased, erred as a matter of law because Mr. Watson saw A.G. only twice in the child's "younger" life, and Judge Cohen's ruling is "unreasonable."[12]

Ms. Graves also sues three court officers in their official capacity; Michael Pandolfi, Katie Gallen, and William Ketterlinus. Ms. Graves reported Court Officer Michael Pandolfi to the Philadelphia Court of Common Pleas Family Court for sexual harassment in 2009.[13] Court Officer Pandolfi retaliated by "using his position to stay involved in [her] case despite her requests for his removal" and "intentionally decreased all court orders by fraud, when in fact, they were supposed to be increased."[14] Court Officer Pandolfi achieved his retaliatory conduct by "hiding fraudulent information within the [Court] orders" and continued his efforts to retaliate against Ms. Graves by "using his position and co-workers."[15] Ms. Graves does not identify the "fraudulent information" hidden in unidentified orders or identify Court Officer Pandolfi's "continued" retaliatory conduct.

Court Officer Katie Gallen denied Ms. Graves the right to proper notice of hearing and the right to an attorney but Ms. Graves provides no additional details regarding Court Officer Gallen actions.[16] Ms. Graves pleads no new information regarding Court Officer William Ketterlinus.

***Insurance and tax fraud allegations against Michelle and Eugene Watson.***

Michelle Watson, wife of Eugene Watson, attempted to use A.G.'s insurance without the parent's permission.[17] Michelle and Eugene Watson claimed A.G. on their tax returns without proper authorization and benefitted from their "actions" at Ms. Graves' expense in violation of her parental rights in violation of Pennsylvania law.[18]

3

*Kidnapping by grandmother Darlena Graves.*

Darlena Graves, Ms. Graves's mother and A.G.'s grandmother, attempted to kidnap A.G.[19] Ms. Graves alleges Darlena Graves "should be charged with premeditated kidnapping" for attempting to take A.G. from school without Ms. Graves's permission.[20] Darlena Graves concealed A.G.'s location and reported false abuse allegations during a police investigation and child custody and support court hearings to help her claim custody of A.G.[21] She also arranged transportation to take A.G. to Delaware "against an open custody dispute."[22] Darlena Graves "cooperated with other parties involved in the alleged misconduct" preventing Ms. Graves from seeing her child in four years.[23] She pleads no additional facts regarding Mr. Watson's and Ms. Watson's involvement in kidnapping.

## II. Analysis

Ms. Graves amended her earlier-dismissed complaint under the leave we granted her. She again attempts to plead claims against the Philadelphia Court of Common Pleas Family Division, Judge Cohen, and officers for violating her due process and speedy trial rights under the Fourteenth Amendment. She again asks we charge Mr. and Mrs. Watson with insurance and tax fraud, and Darlena Graves with premeditated kidnapping.[24] She seeks injunctive relief to prevent further violations of her constitutional rights, compensatory and punitive damages, and any other relief deemed appropriate.[25]

We granted Ms. Graves leave to proceed without paying filing fees.[26] Congress requires we now screen her pro se amended Complaint before issuing summons.[27] We dismissed her earlier claims against the Family Court with prejudice as the court is immune from suit under the Eleventh Amendment.[28] We today screen Ms. Graves's remaining claims.

We must dismiss the amended Complaint before issuing summons if we find Ms. Graves's claims are frivolous or malicious, do not state a claim on which relief may be granted, or if she seeks monetary relief against persons immune from such relief.[29]

Congress allows individuals to seek relief for constitutional claims in federal court.[30] We are directed by our Court of Appeals to be "mindful of our obligation to liberally construce a pro se litigant's pleadings... ."[31] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[32] But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants."[33]

Ms. Graves "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[34] We apply the same standard under the Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint under section 1915(e)(2)(B)(ii).[35] Ms. Graves can meet the Rule 12(b)(6) standard if she pleads "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[36] We accept all facts in Ms. Graves's amended Complaint as true and construe the facts in light most favorable to her to determine whether she states a claim to relief plausible on its face.

Ms. Graves alleges the Philadelphia Court of Common Pleas Family Division and seven persons violated her constitutional rights. We dismiss her claims against Judge Cohen as he is entitled to judicial immunity for his decisions as a judge. We dismiss her claims against Court Officer Pandolfi, Court Officer Gallen and Court Officer Ketterlinus as they are state actors immune from suit in their official capacities under the Eleventh Amendment.

We dismiss her civil rights claims against Mr. and Mrs. Watson, and Darlena Graves because they are not state actors. We decline to exercise supplemental jurisdiction over state law claims against them and cannot charge them with crimes.

### A. We dismiss Ms. Graves's claim against the Court with prejudice.

Ms. Graves sues the Philadelphia Court of Common Pleas Family Division for violating her Fourteenth Amendment due process rights.[37] We previously dismissed this claim with prejudice.[38]

### B. We dismiss Ms. Graves's claim against Judge Cohen with prejudice.

Ms. Graves sues Judge Cohen for violating her due process rights. We dismiss Ms. Graves's claims against Judge Cohen as he is immune from suit challenging his judicial orders.

Judges are absolutely immune from suit for actions taken in their judicial capacities.[39] And Congress in section 1983 bars injunctive relief against judicial officers unless the judge violates a declaratory decree or declaratory relief is unavailable.[40] Ms. Graves fails to allege Judge Cohen violated a declaratory decree or declaratory relief is unavailable.

A judge may be liable under section 1983 only if the action arises from a non-judicial act or if the judge acted "in the complete absence of all jurisdiction."[41] We are directed by our Court of Appeals to apply a two-part test to determine whether a judge's act is protected by judicial immunity.[42] We look first "to the nature of the function performed and the expectations of the parties" to determine if the act is "judicial."[43] An act is "judicial" if the "function [is] normally performed by a judge" and the parties "dealt with the judge in his judicial capacity."[44] If an act is "judicial," we next consider if the judge acted "in the clear absence of all jurisdiction."[45]

Ms. Graves does not plead facts showing Judge Cohen acted outside of his judicial capacity or in the clear absence of all jurisdiction. She pleads facts describing actions Judge Cohen took as the judicial officer presiding over her custody dispute and within his jurisdiction.[46] Ms. Graves

6

challenges Judge Cohen's conduct in his judicial capacity within his jurisdiction. Judge Cohen is absolutely immune from Ms. Graves's claims. We dismiss Ms. Graves's claims against Judge Cohen with prejudice.

### C. We dismiss Ms. Graves's official capacity claims against the court officers with prejudice.

Ms. Graves again sues Court Officer Pandolfi, Court Officer Gallen, and Court Officer Ketterlinus in their official capacities for allegedly violating her Fourteenth Amendment rights. We dismiss her claims against these three court officers in their official capacity.

State actors are immune from suit in their official capacity under the Eleventh Amendment. "A suit against a [s]tate official in his or her official capacity is … a suit against the State."[47] States and state actors are immune from suit under the Eleventh Amendment unless the State waives its sovereign immunity or if Congress abrogates state sovereign immunity.[48] Pennsylvania has not waived its Eleventh Amendment immunity as to lawsuits in federal court.[49] And Congress did not abrogate Eleventh Amendment immunity through 42 U.S.C. § 1983.[50]

Employees of Pennsylvania's judicial districts are entitled to Eleventh Amendment immunity.[51] Court Officer Pandolfi, Court Officer Gallen, and Court Officer Ketterlinus are state actors immune from suit in their official capacities. We dismiss her claims against Court Officer Pandolfi, Court Officer Gallen, and Court Officer Ketterlinus with prejudice.

### D. We dismiss Ms. Graves's claims against Mr. Watson, Ms. Watson, and Darlena Graves with prejudice.

Congress in section 1983 allows courts to impose civil rights liability upon "those who deprive persons of federal constitutional or statutory rights" under color of state law.[52] Ms. Graves must allege a state actor deprived her a constitutional right.[53] Ms. Graves does not allege Mr. and Mrs. Watson and Darlena Graves are state actors. She simply alleges, with no supporting facts,

7

they acted under "color of law by virtue of their official capacity."[54] There are no allegations how these private persons exercised powers "traditionally the exclusive prerogative of the state," or how they acted "with the help of or in concert with state officials" or whether they acted as a "joint participant" with state actors in the challenged activity.[55] Ms. Graves does not state civil rights claims against Mr. and Mrs. Watson and Darlena Graves.

We also again dismiss Ms. Graves's attempts to have us charge Mr. and Mrs. Watson and Darlena Graves with violating Pennsylvania criminal law. We told Ms. Graves in our first opinion we cannot charge citizens with crimes.[56] We again dismiss Ms. Graves's claims against Mr. Watson, Ms. Watson, and Ms. Darlena Graves in this Court without prejudice to her seeking remedies in state court and before police authorities if warranted by the facts.

## III. Conclusion

We dismiss Ms. Graves's amended Complaint with prejudice as she fails to plead claims against the Philadelphia Court of Common Pleas Family Division, Judge Cohen, court officers in their official capacity, Eugene and Michelle Watson, and Darlena Graves.

---

[1] ECF No. 8, at 1, Statement of Facts ¶ 3.

[2] In addition to invoking our federal question jurisdiction under 28 U.S.C. § 1331 over her civil rights claims, Ms. Graves invokes our jurisdiction under "speedy trial" and 42 U.S.C. § 1981. To the extent Ms. Graves means to invoke the Speedy Trial Act, we do not see its applicability here. Congress enacted the Speedy Trial Act to give effect to the Sixth Amendment's guarantee "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The Speedy Trial Act sets time limits within which a criminal defendant must be tried. 18 U.S.C. § 3161. We are also unclear as to Ms. Graves invocation of 42 U.S.C. § 1981. Section 1981 prohibits discrimination on the basis of race. Ms. Graves does not allege her race or discrimination based on race.

[3] *Id.*

[4] *Id.* at 2, Aiding and Abetting ¶ 1.

[5] *Id.*

---

[6] *Id.* at 2, Covering Up Material Facts ¶ 2; Intentional Misapplication of Law ¶ 3.

[7] *Id.* at 2, Violation of Judicial Ethics ¶ 4.

[8] *Id.* at 2, Legal Recourse ¶ 5.

[9] *Graves v. Graves*, 265 A.3d 688 (Pa. Super. Ct. 2021).

[10] *Id.*

[11] ECF No. 8 at 39 (using the pagination assigned by the CM/ECF docketing system)..

[12] *Id.* at 46–47.

[13] *Id.* at 2, Allegations of Retaliation and Fraud by Michael Pandolfi, ¶ 4.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 1–2, Statement of Facts ¶ 3.

[17] *Id.* at 3, Unauthorized use of Insurance ¶ 3.

[18] *Id.* at 3, Illegal Tax Claim ¶ 2, Benefitting from Fraudulent Actions ¶ 3, Violation of Pennsylvania Law ¶ 4.

[19] *Id.* at 3–4.

[20] *Id.* at 3–4, Repeated Kidnapping Attempts ¶ 1 and 59–61.

[21] *Id.* at 8, ¶¶ 1–4.

[22] *Id.* at 3.

[23] *Id.* at 4, Cooperation with Other Parties ¶ 4.

[24] *Id.* at 3.

[25] *Id.* at 5, Relief Sought ¶ 8.

[26] ECF No. 4.

[27] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[28] *Graves v. Cohen*, No. 23-3853, 2023 WL 6810250, at *3 (E.D. Pa. Oct. 16, 2023).

[29] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

---

[30] 42 U.S.C. §1983.

[31] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

[32] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

[33] *Id.* (quoting *Mala*, 704 F.3d at 245).

[34] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[35] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019).

[36] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[37] *Id.* at 1.

[38] *Graves,* 2023 WL 6810250, at *3.

[39] *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (recognizing Congress expanded 42 U.S.C. §1983 to provide immunity to judges against injunctive relief claims).

[40] *Id.* at 304. Congress in section 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*" 42 U.S.C. § 1983 (emphasis added).

[41] *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *see also Figueroa v. Blackburn*, 208 F.3d 435, 443 (3d Cir. 2000) (explaining a "judicial act" is one "normally performed by a judge").

[42] *Lee v. Gallina Mecca,* No. 22-2871, 2023 WL 5814783, at *4 (3d Cir. Sept. 8, 2023) (citing *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000)).

[43] *Id.* at *4.

[44] *Id.* (quoting *Gallas*, 211 F.3d at 768–69).

[45] *Id.* (quoting *Gallas*, 211 F.3d at 769).

[46] ECF No. 8 at 2.

---

[47] *Kentucky v. Graham,* 473 U.S. 159, 166 (1985).

[48] *Downey v. Pa. Dep't of Corrections*, 968 F.3d 299, 310 (3d Cir. 2020).

[49] *Id.* at 309–10.

[50] *Id.* at 310.

[51] *Haybarger v. Lawrence Cnty. Adult Prob. and Parole*, 551 F.3d 193, 198 (3d Cir. 2008).

[52] *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).

[53] *Id.*

[54] ECF No. 8 at 4, Color of Law ¶ 6.

[55] *Kach*, 589 F.3d at 646.

[56] *See Graves,* 2023 WL 6810250, at *4–*5.